# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNIVERSAL SURETY COMPANY,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No. 07-2411-CM** |
| **DAYTEC CONSTRUCTION** ) | |
| **MANAGEMENT, LLC, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this case against defendants arguing that they are obligated to indemnify plaintiff for a judgment entered against plaintiff in regard to a construction project.  Plaintiff also alleges that defendants breached a contract between the parties by failing to indemnify plaintiff.  The case is before the court on Plaintiff's Motion for Summary Judgment (Doc. 10).  After plaintiff filed its motion, defendants Randall and Robin Bowman filed a petition for bankruptcy.  This ruling does not pertain to the defendants in bankruptcy.

**I.**   **Factual Background**

Plaintiff provided a surety bond for defendant Daytec Construction Management, LLC, for a construction project.  Defendant Daytec subcontracted for electrical work with Crown Electric, who purchased materials and supplies from Western Extralite.  Crown Electric went out of business and Western Extralite filed suit for payment against defendant Daytec and plaintiff.  In that action, the court entered judgment for Western Extralite against defendant Daytec and plaintiff.  Plaintiff has satisfied the judgment in the amount of $78,298.83.

In consideration for the bond, defendants entered into an indemnity agreement with plaintiff

entitled "General Application and Agreement of Indemnity." Each defendant agreed to be individually bound by the terms of the agreement. They agreed to indemnify and hold plaintiff harmless:

> from and against every claim, demand, liability, cost, charge, suit, judgment and expense which the company may pay or incur in consequence of having executed, or procured the execution of, such bonds . . . including fees of attorneys . . . and the expense of procuring, or attempting to procure, release from liability, or in bringing suit to enforce the obligation of any of the indemnitors under this agreement.

Plaintiff made a demand upon defendants to indemnify, but defendants have not satisfied their obligations.

## II.    Standard for Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.   Discussion

The uncontroverted facts before the court show that defendants are obligated to indemnify plaintiff for any judgment that plaintiff might incur as a result of issuing the bond that was the subject of the parties' agreement. The language of the contract is clear and unambiguous. Defendants have not proffered any reasons why the contract is unenforceable. Although defendant Thomas Day filed a response to plaintiff's motion, defendant Day did not controvert plaintiff's factual statement or offer any legitimate reason why the court should not enforce the indemnity

-2-

agreement.

      Plaintiff incurred a judgment, and defendants must now comply with the indemnity agreement.  Plaintiff shall submit a proposed judgment to the court within ten days of the date of this order.  If plaintiff also wants to pursue attorney fees, plaintiff should comply with federal and local rules governing the subject.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 10) is granted.

      Dated this 11th day of February 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
